NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 15, 2011
Decided July 26, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-3972

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 10-30006 |
| STANLEY E. VAUGHN,<br>    *Defendant-Appellant.* | Richard Mills,<br>*Judge.* |

**O R D E R**

Stanley Vaughn pleaded guilty to one count of conspiracy to possess and distribute heroin. The district court sentenced him to 262 months in prison, a term at the bottom of his guidelines range. On appeal, Vaughn argues that his sentence is unreasonable because it exceeds the 225 months given codefendant Jenell Moore, who pleaded guilty to the same conspiracy charge, along with two gun counts, but cooperated with the government. We affirm Vaughn's sentence.

DEA agents arrested Moore in January 2010 after he sold $50 worth of heroin to a police informant in Springfield, Illinois. Moore confessed to dealing heroin and told the agents he was expecting another 20 grams later that day from Vaughn, who was bringing heroin from Chicago. Moore helped the agents by placing several recorded phone calls to

Vaughn, who was arrested with 51 grams of heroin when he arrived at Moore's home. After receiving *Miranda* warnings, Vaughn said that the heroin was for Moore, and that he had obtained it in Chicago from an individual known as "Cuz." In the previous six months, Vaughn added, he had delivered heroin to Moore in Springfield three or four times. Vaughn also said that he had provided 10 or 20 grams of heroin three times to another individual in Springfield known as "D" or "Killer." Moore later told the agents that he had traveled to Chicago about 10 times to get a total of 60 to 70 grams of heroin from Vaughn.

Vaughn and Moore were charged with conspiracy, *see* 21 U.S.C. §§ 846, 841(a)(1). Moore was also charged with possessing a gun in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(I), and possessing a gun after a felony conviction, *id.* § 922(g)(1). Vaughn pleaded guilty to the conspiracy charge but did not negotiate a plea agreement. Moore did; he pleaded guilty to all three counts, agreed to cooperate with prosecutors, and waived his rights to file a direct appeal or collateral attack.

Vaughn had prior state convictions for drug trafficking and residential burglary and thus was a career offender. *See* U.S.S.G. § 4B1.1(a). His guidelines imprisonment range was 262 to 327 months. Moore was also a career offender and faced the identical imprisonment range for the conspiracy, but the mandatory consecutive term for his § 924(c)(1) count increased his overall range to 322 to 387 months. *See* 18 U.S.C. § 924(c)(1)(A)(I).

Vaughn and Moore were sentenced together. The district court accepted the prosecutor's recommendation and gave Moore a total of 225 months: 165 months for the conspiracy, a concurrent term of 120 months for the § 922(g)(1) offense, and the minimum consecutive term of 60 months for the § 924(c)(1) count. The prosecutor had said that Moore agreed to cooperate on the day of his arrest and did so "completely and truthfully." Moore's assistance, the prosecutor added, "was the sole basis for the Government's ability to charge Mr. Vaughn and convict him." The prosecutor also pointed out that Moore had quickly decided to plead guilty and had waived his rights to pursue a direct appeal or collateral attack. Furthermore, said the prosecutor, Moore's assistance had put him and his family at risk from Vaughn, who retaliated by making "threats to their safety." Before imposing the sentence, the judge commended Moore for his cooperation, which the judge said "is paying dividends to you in aces, spades, and trumps as we stand here today."

For Vaughn, the prosecutor recommended 294 months, emphasizing his status as a career offender and asserting that no mitigating factor justified a shorter sentence. Vaughn argued that he never got the opportunity to cooperate "because Mr. Moore was on the bus first." He and Moore had committed the same crime, Vaughn continued, and thus he asked the district judge to impose a like sentence of 225 months or, alternatively, no more than the guidelines minimum of 262 months. In settling on 262 months, the district court stated that

a longer term was not warranted, but noted that Vaughn already was a career offender at age 33, and that his behavior had not changed despite previous prison terms. The judge also explained that Moore had received a shorter sentence not because he "got on the bus" first, but "because the Government asked for a downward departure for cooperation. You see, that shows you what cooperation does here."

Vaughn's only contention on appeal is that his prison term is unreasonable because Moore got a shorter sentence. Vaughn argues that the district court failed to adequately consider 18 U.S.C. § 3553(a)(6), which requires a sentencing judge to evaluate "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Vaughn misunderstands § 3553(a)(6). As an initial matter, that subsection is addressed to unjustified differences in sentences imposed by different judges or across judicial districts, not sentences imposed upon defendants in the same case. *United States v. Bartlett*, 567 F.3d 901, 907 (7th Cir. 2009). Moreover, subsection (a)(6) addresses *unwarranted* disparities, and a difference arising because a codefendant cooperated but the defendant did not—as was true with Moore and Vaughn—is not unwarranted. *United States v. Turner*, 604 F.3d 381, 389 (7th Cir. 2010); *United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009); *Bartlett*, 567 F.3d at 908. Finally, because the guidelines are designed to avoid unwarranted disparities, a sentence such as Vaughn's that is within the guidelines range necessarily complies with § 3553(a)(6). *See Gall v. United States*, 552 U.S. 38, 54 (2007); *United States v. Shamah*, 624 F.3d 449, 460 (7th Cir. 2010); *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010); *Bartlett*, 567 F.3d at 908. The advisory nature of the guidelines means that a district judge *may* give a defendant a below-range sentence after doing so for a codefendant, but the judge would do so *in spite of* § 3553(a)(6), not because of it. *Bartlett*, 567 F.3d at 908-09. The district judge adequately explained his decision not to do so in this case.

In what is presumably a challenge to *Bartlett*, Vaughn suggests that "prevailing authorities which expressly provide that he cannot complain when a co-conspirator receives a lower sentence should be reconsidered." But as a basis for overruling our precedent, Vaughn says only that he never had an opportunity to cooperate because Moore "trumped" him by giving the government all the information that was useful. That representation seems disingenuous, because Vaughn's statements after his arrest about obtaining heroin from "Cuz" and providing it to "D" or "Killer" suggest a broader knowledge of the heroin trade in Chicago and Springfield that could have been useful. In any event, Vaughn does not give us any reason to reconsider *Bartlett*. He contends that we should reassess the subject of warranted and unwarranted disparities in light of *United States v. Meza*, 127 F.3d 545 (7th Cir. 1997). But Vaughn fails to explain why *Meza*—which

held 12 years before *Bartlett* that a "disparity" arising from giving a "downward departure" to a cooperating codefendant was not a valid basis for giving a like sentence to a defendant who did not cooperate, *see* 127 F.3d at 550—is relevant or helpful to his appeal.

We AFFIRM the judgment of the district court.